# EXHIBIT A

System Generated Hearing Date: 8/20/2026 1:00 PM
Location: Court Room 0204
Judge: Agran, Martin S

FILED
6/26/2026 2:15 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
20263006100
Courtroom, 0204
38758917

FILED DATE: 6/26/2026 2:15 PM 20263006100

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**THIRD MUNICIPAL CIVIL DISTRICT**

| | | |
|---|---|---|
| ACE AUTO BODY, INC., d/b/a FORREST AUTO BODY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 20263006100 |
| WEST BEND MUTUAL INSURANCE COMPANY, | ) | Ad Damnum: Over $55,000 |
| Defendant | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff, ACE AUTO BODY, INC., d/b/a FORREST AUTO BODY, by and through its attorneys, THE LAW OFFICES OF PATRICK J. McGUIRE, P.C., and for its Complaint against Defendant, WEST BEND MUTUAL INSURANCE COMPANY, states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Ace Auto Body, Inc., d/b/a Forrest Auto Body ("Forrest"), is an Illinois corporation with its principal place of business at 946-950 Villa Street, Elgin, Cook County, Illinois, 60120 (the "Subject Property").

2. Defendant, West Bend Mutual Insurance Company ("West Bend"), is an insurance company authorized to issue insurance policies in Illinois and regularly conducts business throughout Illinois, including Cook County.

3. Venue is proper in Cook County under 735 ILCS 5/2-101 because the collision that is the subject of this lawsuit occurred in Elgin, Cook County, Illinois.

## FACTUAL BACKGROUND

4. Forrest operates a collision-repair facility at the Subject Property.

FILED DATE: 6/26/2026 2:15 PM 20263006100

5. At all relevant times, West Bend insured Forrest under commercial lines Policy No. A609153 03 (the "Policy"), which provided commercial property coverage for the Subject Property. (Exhibit 1)
6. The Policy was in full force and effect on April 20, 2023 (the "Date of Loss"), and provided a building coverage limit of $1,094,400.00, subject to a $1,000.00 deductible.
7. On the Date of Loss, a hailstorm struck the Subject Property and caused substantial damage to it, primarily to the roof and siding of the building ("the Loss").
8. Forrest promptly reported the Loss to West Bend and made a claim for coverage under the Policy ("the Claim").
9. West Bend assigned the Claim claim No. AQ34000.
10. Forrest cooperated with West Bend's investigation and complied with all conditions precedent to coverage under the Policy.
11. West Bend agreed that the Loss was covered under the terms of the Policy but disputed the amount of coverage, including the scope and cost of the necessary repairs and related damages.
12. Because the parties could not agree on the amount owed to Forrest for the Loss, the parties invoked the appraisal process under the terms of the Policy.
13. The parties each appointed an appraiser, and because the appraisers could not agree on the amount owed to Forrest, the appraisers selected Randy Chi ("Chi") of RAC Adjustments, Inc. to serve as the neutral umpire.
14. On November 21, 2025, Chi issued a final Appraisal Award (the "Award"). (Exhibit 2)
15. The Award set the total amount of loss payable from West Bend to Forrest at $100,983.99.

FILED DATE: 6/26/2026 2:15 PM 20263006100

16. On December 22, 2025, West Bend issued two checks to Forrest: one check for $40,263.03 and one check for $5,706.58, totaling $45,969.61.

17. West Bend's payments left a balance due to Forrest in the amount of at least $55,014.38.

18. On January 21, 2026, counsel for Forrest sent West Bend correspondence seeking immediate payment of the balance of the Award. (Exhibit 3).

19. West Bend failed and refused to pay the balance of the Award owed to Forrest.

20. West Bend's failure and refusal to pay Forrest the total amount of the Award effectively forced Forrest to file this action.

21. As a direct and proximate result of West Bend's refusal to pay Forrest the full amount of the Award, Forrest has suffered damages, including but not limited to the unpaid Award balance, pre-judgment interest, and attorneys' fees.

**COUNT I – BREACH OF CONTRACT**

22. Forrest incorporates Paragraphs 1 through 21 as though fully set forth herein.

23. The Policy constitutes a valid and enforceable contract between Forrest and West Bend.

24. Forrest performed all conditions precedent to coverage under the Policy, including paying premiums, timely reporting the Loss, cooperating with West Bend's investigation and adjustment of the Loss and the Claim, and participating in the appraisal process.

25. The Policy covered the Loss.

26. Section E.4.g. of the Policy, CP0010 10 12, provides in relevant part:

> Loss Payment. We will pay for covered loss or damage within 30 days after we receive the sworn proof of loss, if you have complied with all of the terms of this Coverage Part, and: (1) We have reached agreement with you on the amount of loss; or (2) An appraisal award has been made.

27. West Bend breached the Policy by failing to pay the full amount of the Award within 30 days as required by the Policy.

FILED DATE: 6/26/2026 2:15 PM 20263006100

28. As a direct and proximate result of West Bend's breach, Forrest has suffered damages in excess of $55,000, including:

    a) The unpaid balance of the Award;
    b) Costs to temporarily repair the Subject Property;
    c) Loss of use of the Subject Property;
    d) Pre-judgment interest; and
    e) Other direct and consequential damages.

**WHEREFORE**, Plaintiff, ACE AUTO BODY, INC., d/b/a FORREST AUTO BODY, respectfully requests that this Court enter judgment in its favor and against Defendant, WEST BEND MUTUAL INSURANCE COMPANY, and award:

a) Compensatory damages in an amount to be proven at trial;
b) Pre-judgment interest;
c) Costs of suit; and
d) Such other and further relief as this Court deems just and proper.

**COUNT II – STATUTORY BAD FAITH (215 ILCS 5/155)**

29. Forrest incorporates Paragraphs 1 through 28 as though fully set forth herein.

30. Section 155 of the Illinois Insurance Code provides, in relevant part, as follows:

> In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling the claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable cost in the action, reasonable attorney's fees, other costs, plus an amount not to exceed any one of the following amounts:
>
> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
> (b) $60,000;

FILED DATE: 6/26/2026 2:15 PM 20263006100

(c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

31. The Award determined that West Bend owed Forrest at least $100,983.99.

32. West Bend acted vexatiously and unreasonably by failing and refusing to pay Forrest the full amount of the Award within 30 days as required by the Policy.

33. West Bend acted vexatiously and unreasonably by failing and refusing to pay Forrest the full amount of the Award because: (a) an appraisal award was made in accordance with the terms of the Policy; (b) the Policy required payment within 30 days after an appraisal award was made; (c) West Bend did not pay Forrest the amount of the appraisal Award within the 30-day period provided by the Policy or at any time prior to the filing of this action (approximately 150 days after the Award); and (d) West Bend did not have any reasonable basis for failing to pay Forrest the full amount of the Award.

34. West Bend handled Forrest's claim in a manner designed to deprive Forrest of the benefits of the Policy.

35. West Bend engaged in improper claims practices as defined by the Improper Claims Practices Act (215 ILCS 5/154.6 (b), (d), (e), and (h)), including compelling its policyholder to file suit to recover amounts due under the Policy.

36. West Bend's vexatious and unreasonable conduct effectively forced Forrest to file this action and incur attorney fees and costs that Forrest should not have been forced to incur.

37. West Bend's unreasonable and vexatious conduct violated Section 155 of the Illinois Insurance Code.

FILED DATE: 6/26/2026 2:15 PM 20263006100

**WHEREFORE**, Plaintiff, ACE AUTO BODY, INC., d/b/a FORREST AUTO BODY, respectfully requests that this Court enter judgment in its favor and against Defendant, WEST BEND MUTUAL INSURANCE COMPANY, and award:

a) Statutory damages in the maximum amount permitted by the statute;

b) Reasonable attorney fees and costs;

c) Pre-judgment interest; and

d) Such other and further relief as this Court deems just and proper.

Respectfully submitted,
ACE AUTO BODY, INC., d/b/a FORREST
AUTO BODY

By: *Patrick J. McGuire*
One of its Attorneys

*Attorneys for the plaintiff*
Patrick J. McGuire
Law Offices of Patrick J. McGuire, P.C.
119 S. Emerson Street
Suite 192
Mt. Prospect, IL 60056
(312) 541-0500
ARDC No: 6229822
Patrick.mcguire@pjmlegal.com